# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

KAPRIA MORRELL,

                                            Hon. Victoria Roberts
                                            Case No. 21-CV-10789-VAR-DRG

        Plaintiff,

v.

THE CHILDREN'S CENTER OF
WAYNE COUNTY, INC., and
BOARD OF DIRECTORS OF THE
THE CHILDREN'S CENTER OF
WAYNE COUNTY, INC.,

        Defendants.

---

FELICIA D. BROCK (P63352)
TRACY G. SMITH (P74572)
IAB ATTORNEYS AT LAW PLLC
Attorneys for Plaintiff
8829 Asbury Park
Detroit, MI 48228-2005
(313) 318-3180/Fax: (313) 766-4732
duncan@iabattorneys.com

GREGORY M. MEIHN (P38939)
MELINDA A. BALIAN (P55744)
FOLEY & MANSFIELD, PLLP
Attorneys for Defendants
130 E. 9 Mile Rd.
Ferndale, MI 48220-3728
(248) 721-4200/Fax: (248) 721-4201
gmeihn@foleymansfield.com
mbalian@foleymansfield.com

---

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND RELIANCE ON JURY DEMAND

Now come Defendants, Children's Center of Wayne County, Inc. ("TCC")[1]

and Board of Directors of the Children's Center of Wayne County, Inc. ("Board")

---

[1] Defendant's corporate name is "Children's Center of Wayne County, Inc." It does not contain "The".

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI  48220

1945324 v1

through their counsel, FOLEY & MANSFIELD, PLLP, and for their Answer to the

Complaint state as follows:

 1. In response to Paragraph 1, Defendants deny all allegations as alleged

pursuant to the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"), the Equal Pay

Act ("EPA") and Title VII as untrue and unsupported in fact or law.

 2. In response to Paragraph 2, Defendants are without information and

knowledge sufficient to form a belief as to the truth of the allegations and leave

Plaintiff to her proofs.

 3. In response to Paragraph 3, Defendants admit.

 4. In response to Paragraph 4, Defendants admit.

 5. In response to Paragraph 5, Defendants deny all allegations as alleged

pursuant to the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"), the Equal Pay

Act ("EPA") and Title VII as untrue and unsupported in fact or law.  Defendants

admit that TCC is located in Wayne County.

 6. In response to Paragraph 6, Defendants deny all allegations as alleged

pursuant to the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"), the Equal Pay

Act ("EPA") and Title VII as untrue and unsupported in fact or law, and as such,

deny that Plaintiff has suffered any alleged injuries or damages recoverable under

the law as a result of alleged unlawful actions on behalf of Defendants.

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI 48220

7.     In response to Paragraph 7, Defendants neither admit nor deny said allegation as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs as Defendants have no idea who Plaintiff is referring to.

8.      In response to Paragraph 8, Defendants admit.

9.     In response to Paragraph 9, Defendants deny the allegations as untrue. Defendants further state that Plaintiff was hired in March, 2016 as the Director of Corporate and Foundational Philanthropy.

10.     In response to Paragraph 10, Defendants deny the allegation as written. Defendants further state that Plaintiff's supervisor was Tammy Zonker.

11.     In response to Paragraph 11, Defendants deny the allegation as written.

12.     In response to Paragraph 12, Defendants admit.

13.     In response to Paragraph 13, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

14.      In response to Paragraph 14, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

15.     In response to Paragraph 15, Defendants deny as untrue.

16.     In response to Paragraph 16, Defendants deny as untrue.

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220

3

17.     In response to Paragraph 17, Defendants deny as untrue.

18.     In response to Paragraph 18, Defendants admit Plaintiff inquired about a salary increase in January, 2018.   As to the remainder of the allegations, Defendants deny as untrue.

19.     In response to Paragraph 19, Defendants admit that Plaintiff inquired about a salary increase in person in January, 2018.  As to the remainder of the allegations, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

20.     In response to Paragraph 20, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs. Defendants admit Plaintiff's salary was increased in February, 2018, which was documented in a letter from George Winn.

21.     In response to Paragraph 21, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs. Defendants admit Plaintiff's salary was increased in February, 2018, which was documented in a letter from George Winn.

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220

4

22.     In response to Paragraph 22, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

23.     In response to Paragraph 23, Defendants admit Plaintiff was requested to update her accountability matrix. As to the remainder of the allegations, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

24.     In response to Paragraph 24, Defendants deny the allegations as untrue as written.

25.     In response to Paragraph 25, Defendants deny the allegations as written.

26.     In response to Paragraph 26, Defendants deny a "policy" of placing employees on a CAP prior to termination.  As to the remainder of the allegations, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

27.     In response to Paragraph 27, Defendants deny the allegations as untrue.

28.     In response to Paragraph 28, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220

5

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI 48220

29.    In response to Paragraph 29, Defendants admit that one of Plaintiff's former co-worker's was placed on a CAP and while on the CAP, complaints were submitted regarding the co-worker.   As to the remainder of the allegations, Defendants neither admit nor deny as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

30.    In response to Paragraph 30, Defendants deny the allegations as untrue as written.

31.    In response to Paragraph 31, Defendants deny the allegations as untrue as written.   Defendants admit Douglas Manigault III was promoted to Director, Foundation Relations in September, 2018.

32.    In response to Paragraph 32, Defendants deny the allegations as written as untrue.   Defendants admit the department was reorganized in approximately October, 2018.  Defendants admit Plaintiff was not given another salary increase in October, 2018 (over and above the salary increases in January and February, 2018).

33.    In response to Paragraph 33, Defendants deny as untrue.

34.    In response to Paragraph 34, Defendants admit Plaintiff's salary was not increased in October, 2018 over and above the increases which had already taken place in 2018.

1945324 v1

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI 48220

35.     In response to Paragraph 35, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

36.     In response to Paragraph 36, Defendants admit Plaintiff was informed of a salary increase on or about February 20, 2018 due to an approval by the Board of Directors of a salary range increase, documented in a letter from George Winn. As to the remainder of the allegations, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

37.     In response to Paragraph 37, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs because Defendants do not know who Plaintiff is referring to as "the philanthropy team."  However, Defendants admit that Plaintiff's three co-directors within the philanthropy department received a salary increase in January, 2018, like Plaintiff.

38.     In response to Paragraph 38, Defendants deny the allegations as written.

39.     In response to Paragraph 39, Defendants deny the allegations as written.

40.     In response to Paragraph 40, Defendants admit that philanthropy directors met with members of the Executive Leadership Team ("ELT") and the

Director of HR in July, 2019 to discuss Philanthropy Director overall compensation and the history thereof.

41.     In response to Paragraph 41, Defendants deny as untrue.

42.     In response to Paragraph 42, Defendants admit Plaintiff offered a PowerPoint presentation that she prepared about compensation inequities nationally; however, Defendants deny that said presentation applied to compensation of employees of Defendant TCC.

43.     In response to Paragraph 43, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

44.     In response to Paragraph 44, Defendants deny that Plaintiff claimed at the July, 2019 meeting that differences in salaries at Defendant TCC existed because of race and gender.

45.     In response to Paragraph 45, Defendants deny as untrue.

46.     In response to Paragraph 46, Defendants admit that ELT met with Philanthropy directors separately after the July, 2019 group meeting; however, Defendants deny the separate meetings with the Philanthropy directors were as a result of the July, 2019 group meeting.

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220

8

47.     In response to Paragraph 47, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

48.     In response to Paragraph 48, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

49.     In response to Paragraph 49, Defendants admit Plaintiff emailed in August asking if there was any follow-up to the compensation process, to which she was informed there was not given the ELT was focused on presentation of the budget at that time.  As to the remainder of the allegations, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

50.     In response to Paragraph 50, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

51.     In response to Paragraph 51, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI 48220

9

52.     In response to Paragraph 52, Defendants admit that Matthews contacted Plaintiff via email that she would be scheduling a follow-up meeting with her soon. As to the remainder of the allegations, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

53.     In response to Paragraph 53, Defendants admit that a follow-up meeting was scheduled in December, 2019 with Plaintiff, Matthews and Tammy Zonker.

54.     In response to Paragraph 54, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

55.     In response to Paragraph 55, Defendants deny as untrue.

56.     In response to Paragraph 56, Defendants deny as untrue.

57.     In response to Paragraph 57, Defendants deny as untrue, as written.

58.     In response to Paragraph 58, Defendants deny as untrue.

59.     In response to Paragraph 59, Defendants deny as untrue.

60.     In response to Paragraph 60, Defendants deny as untrue.

61.     In response to Paragraph 61, Defendants deny as untrue.

62.     In response to Paragraph 62, Defendants deny as untrue.

63.     In response to Paragraph 63, Defendants deny as untrue.

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220

64. In response to Paragraph 64, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

65. In response to Paragraph 65, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

66. In response to Paragraph 66, Defendants deny Plaintiff was denied a request to review her personnel file. As to the remainder of the allegations, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

67. In response to Paragraph 67, Defendants admit Plaintiff was contacted on or about January 30, 2020 by Tammy Zonker to determine her availability for a phone call. As to the remainder of the allegations, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

68. In response to Paragraph 68, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220

11

69.     In response to Paragraph 69, Defendants admit that Plaintiff had a phone call with Tammy Zonker, Yvonne Herman and George Winn on or about January 30, 2020.  As to the remainder of the allegations, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

70.     In response to Paragraph 70, Defendants admit.

71.     In response to Paragraph 71, Defendants admit January, 30, 2020 was the first time Plaintiff was told she was being terminated as a result of the issues identified in Paragraph 71, in addition to other issues and reasons identified during the discussion; however, Defendants deny this was the first time Plaintiff was made aware of these issues.

72.     In response to Paragraph 72, Defendants admit Plaintiff reported to work on time.

73.     In response to Paragraph 73, Defendants admit Plaintiff was responsible for properly supervising an employee.

74.     In response to Paragraph 74, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220

12

75.     In response to Paragraph 75, Defendant deny that raising funds/revenue was an issue raised during the January 30, 2020 discussion.   Defendants deny Plaintiff properly participated in pledge collections upon request.

76.     In response to Paragraph 76, Defendant admit Plaintiff attended some committee meetings.

77.     In response to Paragraph 77, Defendants deny as untrue.

78.     In response to Paragraph 78, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

79.     In response to Paragraph 79, Defendants admit Plaintiff was not placed on a CAP or given a performance deficiency memo.   As to the remainder of the allegations, Defendants deny as untrue.

80.     In response to Paragraph 80, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

81.     In response to Paragraph 81, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220

13

82.     In response to Paragraph 82, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

83.     In response to Paragraph 83, Defendants admit Plaintiff purportedly filed a Charge of Discrimination on or about November 11, 2020.

84.     In response to Paragraph 84, Defendants admit that a Notice of Rights to Sue, dated February 2, 2021, was issued by the EEOC at Plaintiff's request prior to the EEOC processing the Charge.   As to the remainder of the allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

<u>COUNT I</u>
<u>GENDER DISCRIMINATION</u>
<u>UNDER THE MICHIGAN ELLIOTT –</u>
<u>LARSEN CIVIL RIGHTS ACT AS TO DEFENDANTS</u>

85.     Defendants hereby adopt and incorporate by reference paragraph 1 through 84 above as though fully set forth herein.

86.     In response to Paragraph 86, Defendants admit Plaintiff was an employee of The Children's Center of Wayne County, Inc. As to the remainder of the allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220

14

87.    In response to Paragraph 87, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

88.    In response to Paragraph 88, Defendants deny as untrue.

89.    In response to Paragraph 89, Defendants deny as untrue.

90.    In response to Paragraph 90, Defendants deny as untrue.

91.    In response to Paragraph 91, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

92.    In response to Paragraph 92, Defendants deny as untrue.

93.    In response to Paragraph 93, Defendants deny as untrue.

94.    In response to Paragraph 94, Defendants deny as untrue as Defendants do not determine compensation based upon race, gender or any other protected status.

95.    In response to Paragraph 95, Defendants deny any and all allegations of unlawful and/or wrongful acts or omissions, including but not limited to discrimination and/or retaliation and as such, deny that Plaintiff has suffered any alleged injuries or damages recoverable under the law as a result of alleged unlawful and/or wrongful acts or omissions of Defendants.

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220

15

## COUNT II
## RACE DISCRIMINATION
## UNDER THE MICHIGAN ELLIOTT LARSEN CIVIL RIGHTS ACT
## AS TO DEFENDANTS

96.     Defendants hereby adopt and incorporate by reference paragraph 1 through 96 above as though fully set forth herein.

97.     In response to Paragraph 97, Defendants admit Plaintiff was an employee of The Children's Center of Wayne County, Inc. As to the remainder of the allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

98.     In response to Paragraph 98, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

99.     In response to Paragraph 99, Defendants deny as untrue.

100.    In response to Paragraph 100, Defendants deny as untrue.

101.    In response to Paragraph 101, Defendants have no idea what Plaintiff is referring to.  As such, Defendants can neither admit nor deny the allegations as written. Defendants deny any allegations and/or wrongful acts including but not limited to discrimination and/or retaliation.

102.    In response to Paragraph 102, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

16

1945324 v1

103. In response to Paragraph 103, Defendants deny as untrue.

104. In response to Paragraph 104, Defendants deny as untrue.

105. In response to Paragraph 105, Defendants deny as untrue as Defendants do not determine compensation and/or employment related decisions based upon race, gender or any other protected status.

106. In response to Paragraph 106, Defendants deny any and all allegations of unlawful and/or wrongful acts or omissions, including but not limited to discrimination and/or retaliation and as such, deny that Plaintiff has suffered any alleged injuries or damages recoverable under the law as a result of alleged unlawful and/or wrongful acts or omissions of Defendants.

**COUNT III**
**RETALIATION**
**UNDER THE MICHIGAN ELLIOTT LARSEN CIVIL RIGHTS ACT**
**AS TO DEFENDANTS**

107. Defendants hereby adopt and incorporate by reference paragraph 1 through 106 above as though fully set forth herein.

108. In response to Paragraph 108, Defendants admit that during her employment Plaintiff complained about her compensation. As to the remainder of the allegations, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

109. In response to Paragraph 109, Defendants deny as untrue.

17

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI 48220

110.   In response to Paragraph 110, Defendants are unclear what complaints Plaintiff is referring to as she has not identified such in Paragraph 110.  As such, Defendants can neither admit nor deny the allegations as written and leave Plaintiff to her proofs.

111.   In response to Paragraph 111, Defendants object as it is neither a claim nor allegation, but a conclusion of law to which no response is necessary.  To the extent a response is deemed necessary, Defendants are unclear what complaints Plaintiff is referring to as she has not identified such in Paragraph 111.  As such, Defendants can neither admit nor deny the allegations as written and leave Plaintiff to her proofs.

112.   In response to Paragraph 112, Defendants neither admit nor deny said allegation as written given the vagueness of Plaintiff's allegations, specifically "among other things", as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

113.   In response to Paragraph 113, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

114.   In response to Paragraph 114, Defendants admit Plaintiff was not placed on a CAP.  As to the remainder of the allegations, Defendants deny as untrue.

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220

115.   In response to Paragraph 115, Defendants deny as untrue.

116.   In response to Paragraph 116, Defendants deny as untrue.

117.   In response to Paragraph 117, Defendants deny any actions of retaliation pertaining to Plaintiff.  Defendants further deny that Plaintiff assisted a co-worker in pursuit of a discrimination claim.

118.   In response to Paragraph 118, Defendants object as it is neither a claim nor allegation, but a conclusion of law to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny as untrue.

119.   In response to Paragraph 119, Defendants deny any and all allegations of unlawful and/or wrongful acts or omissions, including but not limited to discrimination and/or retaliation and as such, deny that Plaintiff has suffered any alleged injuries or damages recoverable under the law as a result of alleged unlawful and/or wrongful acts or omissions of Defendants.

**COUNT IV**
**DISCRIMINATION**
**UNDER THE EQUAL PACT OF 1963 AS TO DEFENDANTS**

120.   Defendants hereby adopt and incorporate by reference paragraph 1 through 119 above as though fully set forth herein.

121.   In response to Paragraph 121, Defendants admit Plaintiff was an employee of The Children's Center of Wayne County, Inc. As to the remainder of

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI 48220

19

the allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

122.   In response to Paragraph 122, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

123.   In response to Paragraph 123, Defendants deny as untrue as written.

124.   In response to Paragraph 124, Defendants deny the allegation as untrue as written.

125.   In response to Paragraph 125, Defendants deny the allegations as untrue.

126.   In response to Paragraph 126, Defendants admit Plaintiff worked in the same department as one male director.   As to the remainder of the allegations, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

127.   In response to Paragraph 127, Defendants deny as untrue.

128.   In response to Paragraph 128, Defendants deny as untrue.

129.   In response to Paragraph 129, Defendants deny as untrue.

130.   In response to Paragraph 130, Defendants deny any and all allegations of unlawful and/or wrongful acts or omissions, including but not limited to

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220

20

discrimination and/or retaliation and as such, deny that Plaintiff has suffered any alleged injuries or damages recoverable under the law as a result of alleged unlawful and/or wrongful acts or omissions of Defendants.

<div align="center">

**COUNT V**
**SEX DISCRIMINATION**
**IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
**OF 1964 AS TO DEFENDANTS**

</div>

131.   Defendants hereby adopt and incorporate by reference paragraph 1 through 130 above as though fully set forth herein.

132.   In response to Paragraph 132, Defendants admit Plaintiff was an employee of The Children's Center of Wayne County, Inc. As to the remainder of the allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

133.   In response to Paragraph 133, Defendants object as it is neither a claim nor allegation, but a conclusion of law to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny any allegations of discrimination as untrue.

134.   In response to Paragraph 134, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

135.   In response to Paragraph 135, Defendants deny as untrue.

136.   In response to Paragraph 136, Defendants deny as untrue.

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI 48220

21

137.    In response to Paragraph 137, Defendants deny as untrue.

138.    In response to Paragraph 138, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

139.    In response to Paragraph 139, Defendants deny as untrue.

140.    In response to Paragraph 140, Defendants deny as untrue.

141.    In response to Paragraph 141, Defendants deny as untrue as Defendants do not determine compensation and/or employment related decisions based upon race, gender or any other protected status.

142.    In response to Paragraph 142, Defendants deny as untrue as written.

143.    In response to Paragraph 143, Defendants deny as untrue.

144.    In response to Paragraph 144, Defendants deny as untrue.

145.    In response to Paragraph 145, Defendants deny as untrue.

146.    In response to Paragraph 146, Defendants deny any and all allegations of unlawful and/or wrongful acts or omissions, including but not limited to discrimination and/or retaliation and as such, deny that Plaintiff has suffered any alleged injuries or damages recoverable under the law as a result of alleged unlawful and/or wrongful acts or omissions of Defendants.

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220

22

## COUNT VI
## RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS TO DEFENDANTS

147.   Defendants hereby adopt and incorporate by reference paragraph 1 through 146 above as though fully set forth herein.

148.   In response to Paragraph 148, Defendants admit Plaintiff was an employee of The Children's Center of Wayne County, Inc. As to the remainder of the allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

149.   In response to Paragraph 149, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

150.   In response to Paragraph 150, Defendants object as it is neither a claim nor allegation, but a conclusion of law to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny any allegations of discrimination as untrue.

151.   In response to Paragraph 151, Defendants deny as untrue.

152.   In response to Paragraph 152, Defendants deny as untrue.

153.   In response to Paragraph 153, Defendants deny as untrue.

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI 48220

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220

154.   In response to Paragraph 154, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

155.   In response to Paragraph 155, Defendants deny as untrue.

156.   In response to Paragraph 156, Defendants deny as untrue.

157.   In response to Paragraph 157, Defendants deny as untrue as Defendants do not determine compensation and/or employment related decisions based upon race, gender or any other protected status.

158.   In response to Paragraph 158, Defendants deny any and all allegations of unlawful and/or wrongful acts or omissions, including but not limited to discrimination and/or retaliation and as such, deny that Plaintiff has suffered any alleged injuries or damages recoverable under the law as a result of alleged unlawful and/or wrongful acts or omissions of Defendants.

## COUNT VII
## RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS TO DEFENDANTS

159.   Defendants hereby adopt and incorporate by reference paragraph 1 through 158 above as though fully set forth herein.

160.   In response to Paragraph 160, Defendants admit that during her employment Plaintiff complained about her compensation.  As to the remainder of the allegations, Defendants neither admit nor deny said allegation as written as

1945324 v1

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

161.   In response to Paragraph 161, Defendants deny as untrue.

162.   In response to Paragraph 162, Defendants are unclear what complaints Plaintiff is referring to as she has not identified such in Paragraph 162.  As such, Defendants can neither admit nor deny the allegations as written and leave Plaintiff to her proofs.

163.   In response to Paragraph 163, Defendants object as it is neither a claim nor allegation, but a conclusion of law to which no response is necessary.  To the extent a response is deemed necessary, Defendants are unclear what complaints Plaintiff is referring to as she has not identified such in Paragraph 163.  As such, Defendants can neither admit nor deny the allegations as written and leave Plaintiff to her proofs.

164.   In response to Paragraph 164, Defendants deny that any denial of a PTO request and/or Plaintiff's termination were in any way connected to any alleged protected activity, including but not  limited to, any alleged complaints pertaining to compensation inequity.

165.   In response to Paragraph 165, Defendants neither admit nor deny said allegation as written as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220

25

166.   In response to Paragraph 166, Defendants admit Plaintiff was not placed on a CAP.  As to the remainder of the allegations, Defendants deny as untrue.

167.   In response to Paragraph 167, Defendants deny as untrue.

168.   In response to Paragraph 168, Defendants deny as untrue.

169.   In response to Paragraph 169, Defendants deny any actions of retaliation pertaining to Plaintiff.  Defendants further deny that Plaintiff assisted a co-worker in pursuit of a discrimination claim.

170.   In response to Paragraph 170, Defendants object as it is neither a claim nor allegation, but a conclusion of law to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny as untrue.

171.   In response to Paragraph 171, Defendants deny any and all allegations of unlawful and/or wrongful acts or omissions, including but not limited to discrimination and/or retaliation and as such, deny that Plaintiff has suffered any alleged injuries or damages recoverable under the law as a result of alleged unlawful and/or wrongful acts or omissions of Defendants.

**WHEREFORE**, Defendants, The Children's Center of Wayne County, Inc. and The Board of Directors of the Children's Center of Wayne County, Inc.  request that this Court enter a judgment of no cause of action in their favor together with an

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220

award of its costs and attorneys fees incurred in this matter and whatever other relief

the Court deems appropriate.

<div style="text-align: right">

/s / Melinda A. Balian
Foley & Mansfield, P.L.L.P.
130 E. Nine Mile Rd.
Ferndale, MI  48220
(248) 721-4200
mbalian@foleymansfield.com
</div>

Dated:  April 15, 2021                         P55744

<div style="text-align: left; font-weight: bold; font-size: small">
Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI 48220
</div>

## **RELIANCE ON JURY DEMAND**

Defendants by their attorney, Foley & Mansfield, PLLP, hereby rely on the

jury demand filed by Plaintiff herein and demand a trial by jury.

<div style="text-align: right">

/s / Melinda A. Balian
Foley & Mansfield, P.L.L.P.
130 E. Nine Mile Rd.
Ferndale, MI  48220
(248) 721-4200
mbalian@foleymansfield.com
</div>

Dated:  April 15, 2021                         P55744

27

1945324 v1

## DEFENSES-SPECIAL/AFFIRMATIVE

Defendants, by their attorneys, Foley & Mansfield, PLLP, submit the following Special/Affirmative Defenses, stating as follows:

1.     Plaintiff has failed to state a claim upon which relief may be granted under the Michigan Elliott-Larsen Civil Rights Act, Title VII and the Equal Pay Act and Defendants are entitled to summary disposition on all claims against them.

2.     Plaintiff has failed to establish a prima facie case of discrimination or retaliation under state or federal law, specifically the Michigan Elliott-Larsen Civil Rights Act, the Equal Pay Act and/or Title VII.

3.     Plaintiff was not an employee of The Board of Directors of The Children's Center of Wayne County, Inc.

4.     At all times relevant hereto, Defendants acted in good faith and in accordance with all applicable laws.

5.     Plaintiff's claims must be dismissed or are otherwise barred by the doctrines of waiver, release, latches, estoppel, implied and/or express consent, implied and/or express statutory authority and/or privilege.

6.     Plaintiff's claims are barred because Plaintiff's employment was discontinued or altered for legitimate and non-discriminatory/retaliatory reasons.

7.     Plaintiff's claims are barred because Defendants did not discriminate or retaliate against Plaintiff, but even if the allegations were accepted as true,

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI 48220

28

Defendants would have taken the same actions for legitimate, non-discriminatory, non-retaliatory and non-pretextual reasons.

8. At no time did Defendants take or engage in any action of a discriminatory or retaliatory nature with regard to Plaintiff's alleged sex or gender.

9. Plaintiff was not treated disparately or different from other similarly situated employees.

10. Plaintiff was not replaced by someone outside the protected class.

11. Plaintiff has suffered no harm as a direct and proximate result of the acts alleged by Plaintiff.

12. Plaintiff did not engage in protected activity.

13. There was not a causal connection between any adverse employment action and alleged protected activity.

14. Plaintiff has failed to mitigate her alleged damages.

15. Plaintiff's claims are barred to the extent she has failed to satisfy the jurisdictional and/or statutory prerequisites for her causes of action or exhaust the appropriate administrative remedies, and/or comply with the appropriate statute of limitations period.

16. Plaintiff's claims are barred by unclean hands.

17. Plaintiff was not subject to an adverse employment action because of her sex or gender or in retaliation for any exercise of her rights.

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220

29

18.     Plaintiff failed to act in accordance with the laws under which she claims relief, prohibiting her right to recover.

19.     Any violation of the law by Defendants was inadvertent and not willful or intentional.

20.     Plaintiff's claims are barred by the discovery of after acquired evidence which would have resulted in her termination.

21.     Plaintiff's termination was based upon legitimate business reasons which do not give rise to an inference of unlawful termination due to discrimination and/or retaliation.

22.     Plaintiff cannot establish that Defendants legitimate non-discriminatory reasons for Plaintiff's termination were pre-text.

23.     Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to avoid harm otherwise.

24.     Defendants are entitled to an offset of any damages awarded to Plaintiff.

25.     Defendants determine compensation by considering seniority, merit, experience, quantity or quality of production and/or other factors not involving sex, or any other protected class.

26.     Notice is hereby given of Defendants intent to seek actual, reasonable attorney fees in defenses of Plaintiff's frivolous claims pursuant to federal and state

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI 48220

law, including but not limited to 42 USC 1988, FRCP 11, MCL 600.2591 and any other applicable law providing similar relief.

27.    Defendants reserve the right to amend or add to these affirmative defenses as additional information becomes known.

## **RESERVATION OF RIGHTS**

Defendants hereby reserve the right to amend, change, modify and/or add to the responses and defenses asserted herein based upon information disclosed or discovered as they become known through further investigation and the discovery process.

<div style="text-align: right;">

/s / Melinda A. Balian
Foley & Mansfield, P.L.L.P.
130 E. Nine Mile Rd.
Ferndale, MI 48220
(248) 721-4200
mbalian@foleymansfield.com

</div>

Dated: April 15, 2021    P55744

1945324 v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **April 15, 2021** I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: **Felicia Duncan Brock** and **Tracy G. Smith**, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: None

/s / Shannon Breznai
Foley & Mansfield, P.L.L.P.
130 E. Nine Mile Rd.
Ferndale, MI  48220
(248) 721-4200

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220

32

1945324 v1